FIRST METHODIST EPISCOPAL SOCIETY vs. JOHN BRAYTON.

If the power of a religious society to assess a tax upon the pews in their church is derived from and limited by the deeds of the society to the pew owner, a tax assessed in part for purposes not specifically named in the deeds is invalid.

CONTRACT brought to recover a tax assessed upon the defendant's pew in the plaintiffs' church in Fall River.

At the trial in the superior court, before *Morton*, J., without a jury, the plaintiffs' deed of the pew to the defendant was put in, containing the following provisions :

" The above-mentioned pews shall be subject to no taxation, except when the corporation shall direct the same for the pur pose of repairs on the said meeting-house or pews, or the fence enclosing the lot of land on which said meeting-house stands

or for repairing, or purchasing anew, the carpets, stoves, lamps, chairs, table, sofa and bell, or any other appurtenances belonging to said house, and also to defray the expense of insurance against fire on said house, furniture and bell, and to pay the amount of any loss that may result from the said insurance, and the expense of all repairs . . . shall be subject to a tax to be assessed upon, and paid by the owners of said pews ratably, according to the valuation before the sale thereof."

The indebtedness of the society at the time the tax in question was assessed and for the payment of which it was laid was principally for notes given to banks from which money had been borrowed to pay for repairs upon the church, and for outstanding bills for repairs; but a small part of it was for interest and exchange charged by and paid to the banks on such notes, and for counsel fees for advice. Upon these facts and others, not now material, the judge ruled that the plaintiffs could not recover, and found for the defendant; and the plaintiffs alleged exceptions.

*J. C. Blaisdell,* for the plaintiffs.

*J. M. Morton, Jr.,* for the defendant.

BIGELOW, C. J. The right of the plaintiffs to assess a tax for which the defendant, as owner of a pew in the meeting-house used and occupied by the corporation, can be held personally liable, exists, if at all, by virtue of a clause in the deed under which the defendant acquired a title to his pew. By the terms of this clause, the right to assess such tax is strictly defined and limited, and cannot be exercised for any purpose not therein specifically named. If in making an assessment a tax is laid for a purpose not included within the authority reserved to the corporation, then it is clear that the defendant is not chargeable therefor, because no promise can be implied by his acceptance of a deed poll beyond the letter of the deed on which the promise is raised. By the facts proved at the trial, it is apparent that in making the assessment of which the tax in question forms an aliquot part, several items of expenditure were embraced which do not come within the scope of the authority reserved to the society, and which they were not empowered to include as

a proper subject of taxation. Among these were the charges for interest and exchange on the debts due from the society paid to banks for a discount of notes, and fees for advice paid to counsel. · Conceding that an assessment to pay a preëxisting debt incurred for repairs of the church edifice is within the authority to levy a tax which the corporation reserved to itself — a point by no means clear — it is plain that the other items of .interest, exchange and counsel fees were *ultra vires* and unauthorized. It is wholly immaterial that these items were not large, and formed only a small part of the whole assessment. No evidence was offered to show what part of the whole tax these items formed; and if this had been shown, the court had no power to remodel or reassess a tax which had been erroneously laid by the officers of the society. *Mussey* v. *Bulfinch Meth. Soc.* 1 Cush. 163. *Stetson* v. *Kempton,* 13 Mass. 272.

*Exceptions overruled.*